UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CRIMINAL MINUTES - GENERAL**

| Case No. | CR 08-395 CAS | Date | September 18, 2008 |
|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | |
| Interpreter | N/A | | |

| CATHERINE JEANG | Not Present | Yvonne Garcia, Not Present<br>Christine Adams, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Alfredo Maciel-Alcala | Not | | X | Alexandra Yates, DFPD<br>Hilary Potashner, DFPD | Not<br>Not | | X<br>X |

Proceedings:   **(IN CHAMBERS): Findings of Fact and Conclusions of Law on Counts Two and Four of the Indictment**

  On April 1, 2008, the government filed an indictment against defendant, Alfredo Maciel-Alcala, charging him with (1) false statement in a passport application, pursuant to 18 U.S.C. § 154; (2) aggravated identify theft in relation to a false statement in a passport application, pursuant to 18 U.S.C. § 1028A; (3) false claim of citizenship, pursuant to 18 U.S.C. § 911; and (4) aggravated identify theft in relation to a false claim of citizenship, pursuant to 18 U.S.C. § 1028A.  On June 19, 2008, defendant pled guilty to counts one and three, pursuant to 18 U.S.C. § 1542 and 18 U.S.C. § 911, and waived his right to a trial by jury on counts two and four.  On August 27, 2008, this case was tried to the Court on counts two and four, charging aggravated identity theft, pursuant to 18 U.S.C. §1028A, which provides for an enhanced, two-year mandatory penalty.  At the close of evidence on August 27, 2008, the Court requested briefing on whether §1028A requires the government to prove that defendant knew that the alleged victim was an actual person.  On September 4, 2008, the government filed its memorandum of law.  Defendant filed his post-trial memorandum on September 11, 2008.

  18 U.S.C. § 1028A(a)(1) provides

  Whoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

## CRIMINAL MINUTES - GENERAL

The government contends that it has established all of the elements of a violation of §1028A, namely: (1) defendant knowingly transferred, possessed, or used a means of identification of another person; (2) defendant knew that the means of identification belonged to another person; (3) defendant acted without lawful authority; and (4) defendant did so during and in relation to violations of 18 U.S.C. §1542 and 18 U.S.C. §911.  Resp. at 1 n.2. The government argued at trial that it met its burden of proof by showing that defendant went to the Orange County Clerk Recorder's office and applied for two copies of the birth certificate of Ramon Alfredo Ramirez, bearing his own photograph and using Ramirez's name. Tr. 8/27 4:21-24.  The government argued that defendant's actions in applying for the birth certificate demonstrate that he knew that Ramirez was a real person, particularly because defendant knew that he needed to provide photo identification.  Tr. 8/27 18:18-19:4.  Defendant responded that this evidence is insufficient because it does not establish that defendant knew that the birth certificate belonged to a living person.  Tr. 8/27 26:1-20.

     Both parties agree that the scienter requirement of §1028A extends to the phrase "another person."  Def. Post Tr. Memo ("Memo") at 2; Resp. at 1; United States v. Miranda-Lopez, 532 F.3d 1034, 1040 (9th Cir. 2008); United States v. Villanueva-Sotelo, 515 F.3d 1234, 1236 (D.C. Cir. 2008).  However, defendant argues that the Ninth Circuit implicitly held that the term "person" in §1028A requires the government to prove that defendant knew that the means of identification belonged to a real, living person.  Memo at 2. Id.  The government argues that §1028A "requires only that the government prove a defendant knew that the victim was a real person."  Resp. at 1 (citing Miranda-Lopez, 532 F.3d at 1040).  The inquiry in Miranda-Lopez focused on whether the form of identification used constituted use of the identification of another person where the identification was counterfeit and did not belong to a real person. Miranda-Lopez, 532 F.3d at 1040 ("[W]e thus hold that the government was required to prove that [defendant] knew that the identification belonged to another person").  The issue in the instant case is whether the government must show that defendant knew that the identification used belonged to a living person.

     Defendant argues that when Congress enacted §1028A, the term "person" had a "settled meaning in the legal context" that excluded dead people.  Memo at 2 (citing Guyton v. Phillips, 606 F.2d 248, 250 (9th Cir. 1979) ("[g]enerally, the term 'person', as used in a legal context, defines a living human being and excludes a corpse or a human being who has died."). Defendant acknowledges that Guyton considered the definition of "person" in the context of the civil rights, but argues that it is entitled to "full precedential weight" because it states a general rule and "just as Guyton found it illogical that a corpse would have constitutional rights, so too is it illogical that one could steal from a corpse."  Memo at 2-3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

Additionally, defendant further contends that "when Congress wants to deviate from the settled definition of 'person,' it does so explicitly" as it did in 15 U.S.C. § 1052(a) and 31 U.S.C. § 5112(l)(4)(E) where it used the phrase "persons, living or dead." Defendant also points to 18 U.S.C. § 1424, which prohibits "knowingly and unlawfully [using] or [attempting to use], as showing naturalization or citizenship of any person, any [specified document], issued to another person, or in a fictitious name or in the name of a deceased person." Memo at 3-4. Defendant argues that because these statutes were passed before §1028A, these statutes demonstrate that Congress intentionally did not mention dead people and meant to exclude them. Memo at 4. Defendant also argues that Congress' purpose in enacting §1028A would not be served by including dead people in the category of possible victims, because it was enacted in response to victim complaints. Memo at 4-5 (citing H.R. Rep. 108-528, 2004 U.S.C.C.A.N. 779, p. 4).

The government argues that every federal court that has addressed this issue has held that the term "person," as used in §1028A, applies to both living and deceased victims. Resp. at 2 (United States v. Mendoza-Gonzalez, 520 F.3d 912, 918 n.4 (8th Cir. 2008) ("Section 1028A(a)(1) imposes no requirement that the Government prove that the person whose manes of identification was used be alive"); United States v. Jimenez, 507 F.3d 13, 22 (1st Cir. 2007) ("[T]he natural reading of the word 'person' in the phrase 'means of identification of another person' includes persons deceased"); United States v. Kowal, 486 F. Supp. 2d 923, 934 (N.D. Iowa 2007) ("The court holds that the term 'person' in §1028A includes all human beings, regardless of whether they are living at the time their identity is stolen and used"); United States v. Shain, 2008 WL 2940641, *4 (W.D. Wash. 2008) ("The surrounding language and the statute's strucutre also support the conclusion that 'person,' for the purposes of Aggravated Identity Theft, includes a deceased person."). The government further argues that in "common usage ... the adjectives 'living' and 'deceased' may both properly be used to narrow ... the meaning of the noun 'person'" and that Congress chose not to narrow the term by making that distinction. Resp. at 3 (citing Kowal, 527 F.3d at 747). The government argues that a contrary interpretation would lead to the "absurd result" that defendant could be prosecuted under §1028A(a)(2) for possessing a "false identification document" that belonged to a deceased person, but not for using a deceased person's social security number. Id. (citing Jimenez, 507 F.3d at 20).

The government further argues that the defendant's interpretation contradicts congressional intent, which was to protect individual consumers from harm and protect the United States from terrorism threats. Id. (citing H.R. Rep. No. 108-528, 2004 U.S.C.C.A.N. 779, *5). At the legislative hearing on §1028A, Representative Adam B. Schiff, the co-sponsor of the legislation, stated that "I take it by choice of that language that these enhancements apply when the fraudulent identification is that of another existing person, either live or deceased, but

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CRIMINAL MINUTES - GENERAL**

an actual individual...." Id. at 3-4 (citing Kowal, 486 F. Supp. 2d at 933-34). The government argues that this statement is entitled to deference by this Court. North Haven Bd. of Educ. v. Bell, 456 U.S. 512, 526-27 (1982) (explaining that statements of the sponsor of statutory language is not controlling, but they are "an authoritative guide to the statute's construction.").

The Court holds that §1028A only requires that the government prove that the defendant knew the victim was a real person. The legislative history, structure and purpose of the statute all support the conclusion that the government does not need to prove that the defendant knew that the victim was a living person. The government's evidence regarding the process that defendant used to obtain a copy of Ramirez's birth certificate proves that defendant knew Ramirez was a real person. For the foregoing reasons, the Court finds that the government sustained its burden to establish that defendant violated is guilty on counts two and four of the indictment.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Deputy Clerk | | CMJ | |